William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Katrina M. Kershner (SBN 294045)
Email: kkershner@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

*Attorneys for Plaintiff*
*Eli Lilly & Company*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DEREK GITMED, an individual; HOLLY GITMED, an individual; FELICIA GITMED, an individual; ANTHONY POLLINO JR., an individual; and DOES 1-50, inclusive,<br><br>Defendants. | No. 1:16-at-00090<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES BASED ON FEDERAL TRADEMARK COUNTERFEITING, FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FEDERAL UNFAIR COMPETITION, CALIFORNIA COMMON LAW PASSING OFF AND UNFAIR COMPETITION, AND CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Plaintiff Eli Lilly and Company alleges:

1. This is a complaint for injunctive relief and damages based on trademark counterfeiting, trademark infringement, false designation of origin, and federal unfair competition arising under the Trademark Act of 1946, 15 U.S.C. Section 1051, et seq., as amended (hereinafter "Lanham Act"), as well as related state law claims.

## JURISDICTION

2. This Court has jurisdiction over this action under 15 U.S.C. Section 1121 (actions arising under the Lanham Act); 28 U.S.C. Section 1331 (federal question jurisdiction); 28 U.S.C. Section 1338(a) (any act of Congress relating to patents, copyrights and trademarks); 28 U.S.C. Section 1338(b) (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the patent, copyright or trademark laws); 28 U.S.C. Section 1367 (supplemental jurisdiction); and the doctrines of ancillary and pendent jurisdiction.

## VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) and 1400(a) because, on information and belief, some or all of the Defendants reside within this judicial district and a substantial part of the events giving rise to the alleged claims in this action occurred in this judicial district.

## INTRA DISTRICT ASSIGNMENT

4. Pursuant to the Local Rules of the United States District Court for the Eastern District of California, Civil L.R. 120(d), this action should be assigned to the Fresno Division of the United States District Court for the Eastern District of California because, on information and belief, unlawful acts by Defendants occurred in Stanislaus County.

## THE PARTIES

5. Plaintiff Eli Lilly and Company ("Lilly") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Indianapolis, Indiana.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6. Lilly is informed and believes and thereon alleges that Defendant John Derek Gitmed is an individual who at the time of the events described in this Complaint resided in Los Angeles, California.

7. Lilly is informed and believes and thereon alleges that Defendant Holly Gitmed is an individual who at the time of the events described in this Complaint resided in Riverbank, California.

8. Lilly is informed and believes and thereon alleges that Defendant Felicia Gitmed is an individual who at the time of the events described in this Complaint resided in Los Angeles, California, and that Felicia Gitmed is the daughter of John Derek Gitmed.

9. Lilly is informed and believes and thereon alleges that Defendant Anthony Pollino Jr. is an individual who at the time of the events described in this Complaint resided in Los Angeles, California, and that Anthony Pollino Jr. is the nephew of John Derek Gitmed.

10. Defendants Does 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Lilly. When their true names and capacities are ascertained, Lilly will amend this Complaint by inserting their true names and capacities herein. Lilly is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged, and that Lilly's damages as herein alleged were proximately caused by the Doe Defendants.

11. Lilly is informed and believes that at all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment. Lilly is further informed and believes and thereon alleges that each of the Defendants acted in concert with the others and gave consent to, ratified, or authorized the acts of other Defendants and their agents and/or employees.

12. Lilly is informed and believes and thereon alleges that each of the Defendants conspired with the other Defendants to commit the wrongs alleged herein, was aware that each of the other Defendants planned to commit the wrongs alleged herein, agreed with each of the other

Defendants to commit the wrongs alleged herein, and intended that each of the alleged wrongs be committed.

## BACKGROUND

**Lilly And Its Valuable Intellectual Property Rights in Cialis®**

13. Lilly is a worldwide innovator, manufacturer, distributor and marketer of pharmaceutical products, and is a leader in the industry. Lilly was the first company to offer commercially-available insulin, and was the first company to mass-produce the world's first antibiotic: penicillin. Lilly has been in business since 1876.

14. Lilly is in the business of, among other things, the manufacture and sale of various pharmaceuticals, including a drug known as Cialis® that has the generic name tadalafil. Cialis® is available for sale and use throughout the United States, including in the State of California.

15. Cialis® is a drug that has been approved for the treatment of erectile-dysfunction ("ED"), the signs and symptoms of benign prostatic hyperplasia, or enlarged prostate ("BPH"), and both ED and the signs and symptoms of BPH. Lilly has the exclusive right to manufacture Cialis® for distribution in the United States. Cialis® is only available by prescription.

16. Lilly owns several federal trademarks registered with the United States Patent and Trademark Office ("PTO") that are used in interstate commerce in connection with its sales and promotion of Cialis® (collectively, "Cialis® Marks"), including:

   a. Reg. No. 2,724,589 for the word mark CIALIS;

   b. Reg. No. 2,833,222 for the Cialis® tablet appearance (gold teardrop shape with a "C" design);

   c. Reg. No. 2,833,221 for the Cialis "swirl" design mark;

   d. Reg. No. 1,318,867 for the "Lilly" word in stylized letters mark; and

   e. Reg. No. 1,226,434 for the word mark LILLY.

17. Lilly has used the Cialis® Marks in interstate commerce in connection with the development, manufacture, promotion, marketing, and sale of Cialis®. Lilly's Cialis® has been a tremendously successful product, with total U.S. sales exceeding $1.2 billion in 2015.

– 4 –

18.     To ensure its business reputation and protect the value of its trademarks, Lilly maintains strict quality, integrity and safety standards for Cialis®. Lilly and its predecessor entities invested substantial time, effort and resources in developing, manufacturing and promoting Cialis®. In addition, Lilly supports the sale of Cialis® with hundreds of millions of dollars of advertising and promotion in the United States each year. Further, Cialis® is only available by prescription. In the U.S., Lilly distributes Cialis® only to authorized wholesalers, who then distribute Cialis® to pharmacies, who then distribute the authorized products bearing the Cialis® Marks to patients. As a result of Lilly's widespread and continuous use of its Cialis® Marks, including in nationwide television and print advertisements, product literature and promotional materials, Lilly's Cialis® Marks have achieved broad national recognition as identifying Lilly as the exclusive source of its high quality Cialis® products and distinguishing such products from those of others.

**Sales Of Counterfeit Cialis® Violate Lilly's Intellectual Property Rights and Pose a Substantial Public Health Risk**

19.     Despite Lilly's efforts to protect its intellectual property rights, foreign and domestic parties have imported and sold counterfeit products that violate Lilly's intellectual property rights.

20.     These unauthorized tablets often bear Lilly's protected trademarks and are sold in packaging bearing Lilly's trademarks. Moreover, the manufacturers and distributors of these tablets are not licensed or otherwise authorized to sell Cialis® or any other Lilly product. This unauthorized use of Lilly's federally-registered trademarks is likely to cause confusion in the minds of consumers as to the origin of, or affiliation between, Lilly and the counterfeit products. As such, this unauthorized use of Lilly's trademarks constitutes trademark counterfeiting and infringement.

21.     Counterfeit drugs also pose an inherent risk of death or serious bodily injury. Approved pharmaceutical manufacturers are subject to FDA oversight and inspection of their manufacturing processes, as well as strict packaging and labeling requirements.

22.     Lilly subjects potential drugs to years of research and clinical trials before obtaining FDA approval and continues to assess the benefits and risks long after approval. Lilly's manufacturing processes and supply chain are tightly controlled in order to prevent inadvertent or knowing adulteration of its pharmaceutical products. Manufacturers of counterfeit drugs

1  circumvent these processes and pose a grave threat to public health and safety.

2       23.    It takes approximately ten to fifteen years to bring a new drug to market, and without intellectual property protection, pharmaceutical research companies like Lilly could not recoup the approximately $800 million to $1.3 billion that they invest, on average, to discover and develop each new drug.

     24.    Failure to enforce strong intellectual property rights would have a chilling effect on the industry's ability to bring new lifesaving and life-enhancing drugs to patients around the world. Lilly is currently working to develop drugs that treat Alzheimer's disease, cancer, and lupus, just to name a few.

     25.    Counterfeiting causes irreparable damage to Lilly's image and the brand names of its pharmaceutical products. Reports of counterfeit branded pharmaceuticals make patients wary of ingesting medicine copied by criminals and substantially harm the image of the company holding the intellectual property rights to the counterfeit drugs.

     26.    Legitimate drug producers' reputations are equally harmed where counterfeit drugs simply are ineffective, as patients and doctors alike, believing the counterfeit to be the real drug, will be led to believe the real drug is ineffective. In addition, patients experiencing adverse effects from counterfeit drugs may attribute those negative effects to the legitimate owner and producer of the medicine.

**Defendants Have Trafficked in Counterfeit Cialis®**

     27.    Lilly is informed and believes and thereon alleges that Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, Anthony Pollino Jr., and Doe Defendants 1-50 (collectively, "Defendants") have knowingly used and/or conspired to use Lilly's Cialis® Marks on and in connection with sales of counterfeit Cialis® tablets, including in this judicial district.

     28.    Lilly is informed and believes and thereon alleges that Defendants advertised the sale of and/or conspired to sell "genuine" Cialis®, but sold counterfeit versions in person or by mail to customers who responded to the advertisements. Lilly is further informed and believes and thereon alleges that Defendants' in-person transactions were made in the vicinity of Modesto, California

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

and elsewhere in the Eastern District of California, as well as other locations including at least Los Angeles, California, and Las Vegas, Nevada.  Lilly is further informed and believes and thereon alleges that Defendants shipped and/or conspired to ship counterfeit Cialis® via the United States mail and private and commercial carriers to customers in the Eastern District of California, as well as other parts of California and other states.

29. Defendants did not obtain the items they sold from Lilly or any other authorized source. Instead, Lilly is informed and believes and thereon alleges that Defendants used foreign and/or domestic counterfeit suppliers and middlemen, including Doe Defendants, to supply and/or distribute such counterfeit goods. Lilly is informed and believes and thereon alleges that Defendants had the suppliers sell them counterfeit Cialis®, along with packaging consistent with the claimed medicine, knowing that such products were counterfeit.

30. The product offered and supplied by these foreign and/or domestic suppliers and/or distributors, including Doe Defendants, was not genuine Cialis®. The packaging materials that accompanied the counterfeit drugs also were not genuine.

31. Lilly is informed and believes and thereon alleges that Defendants were well aware that the drugs and packaging were counterfeit based, among other things, on the price and quality of the items and the nature of the transactions. For example, Lilly is informed and believes and thereon alleges that Defendant John Gitmed provided suppliers with pictures of tablets and packaging that he hoped they could imitate, and negotiated when suppliers produced poor imitations.

32. Lilly is informed and believes and thereon alleges that once they negotiated the price, quantity, and appearance of an order for counterfeit drugs, Defendants directed the suppliers to ship the goods into and/or within the United States to various addresses controlled by Defendants, including to the "California Confidence Company," which, on information and belief, is not an entity licensed to do business in this or any other State.

33. Some of the shipments from Chinese suppliers to the "California Confidence Company" were intercepted by U.S. Customs and Border Patrol ("CBP") in the Los Angeles area. One such seizure occurred on or about September 5, 2013, when CBP personnel in Los Angeles

– 7 –

seized a package from a Chinese supplier that was addressed to "California Confidence Company" in Florida. The box contained over 2,000 counterfeit Cialis tablets. On information and belief, unauthorized replications of Lilly's Cialis® Marks were used in connection with the counterfeit drugs.

34. Lilly is informed and believes and thereon alleges that Defendants each made efforts and/or conspired to make efforts to advertise their counterfeit products as "genuine" Lilly products. Lilly is further informed and believes and thereon alleges that Defendants often posted and/or conspired to post online advertisements indicating that they were offering "Genuine Lilly Cialis" and/or stating that all their products were genuine.

35. Lilly is informed and believes and thereon alleges that Defendants knew the drugs and packaging they sold and/or conspired to sell were not genuine Cialis®, and knew that they were using counterfeits of the Cialis® Marks on and in connection with those products, and that it was illegal to sell counterfeit drugs and misuse the marks. Lilly is further informed and believes and thereon alleges that Defendants did not require their customers to provide physician prescriptions before selling them counterfeit Cialis®. Lilly is further informed and believes and thereon alleges that Defendants did not sell their products through pharmacies or other authorized outlets for pharmaceutical products.

36. Lilly is informed and believes and thereon alleges that Defendants misled and/or conspired to mislead customers when fielding repeated questions about the genuineness of their merchandise and the effectiveness of the tablets they sold, including questions about why the products they sold were significantly cheaper than the pharmacy price. Lilly is further informed and believes and thereon alleges that Defendants did not distribute information approved by the Food and Drug Administration regarding the proper use and risks associated with genuine Cialis®. Lilly is further informed and believes and thereon alleges that customers frequently asked Defendants whether the tablets they sold were genuine or otherwise relied on the drugs being genuine, and that this information was material to the customers' decision to purchase the drugs, including their conclusion as to the risk of negative health consequences. Lilly is further informed and believes and

– 8 –

thereon alleges that Defendants repeatedly made and/or conspired to make false statements assuring customers that the counterfeit drugs they sold were genuine, or otherwise made and/or conspired to make materially false and fraudulent statements and omissions intended to make customers believe the drugs they sold were genuine.

37. On or about August 28, 2014, a grand jury sitting in the Eastern District of California returned a grand jury indictment against Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, and Anthony Pollino Jr. for conspiracy to traffic in counterfeit goods and commit mail fraud under 18 U.S.C. § 371 (one count) and trafficking in counterfeit goods under 18 U.S.C.§ 2320(a)(l) (one count), and initiated a criminal proceeding in this Court, Case No. 1:14-cr-00189-AWI-BAM.

38. Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, and Anthony Pollino Jr. have pled guilty in the above-referenced criminal case to trafficking in counterfeit Cialis® in violation of 18 U.S.C. § 2320(a).

39. As part of their plea agreements, the afore-mentioned Defendants have admitted to sales of counterfeit Cialis® using counterfeit versions of the Cialis® Marks. For example, Defendant John Gitmed admitted as part of his plea agreement that he, "together with co-defendants Holly Gitmed, Felicia Gitmed, and Anthony Pollino Jr. intentionally trafficked in counterfeit goods, specifically counterfeit erectile dysfunction drugs and associated packaging." Defendant John Gitmed further admitted that:

> The defendant knowingly used counterfeit marks on and in connection with these goods, including the spurious marks of Pfizer, Eli Lilly, and Bayer. The counterfeit marks included, but were not limited to, the pill designs of Viagra and Cialis, the words "Viagra" and "Cialis," and the logos of Viagra and Cialis. The counterfeit marks used by the defendant and co-defendants were identical with and substantially indistinguishable from the genuine marks for the pill designs, brand names, and logos. These genuine marks were in use by Pfizer and Eli Lilly during the time of the offense were registered on the principal register of the United States Patent and Trademark Office.

40. Defendants Holly Gitmed and Anthony Pollino Jr. have made substantially similar admissions as part of their plea agreements regarding their intentional counterfeiting of Lilly's Cialis® Marks, and, on information and belief, Defendant Felicia Gitmed has done the same.

41. Lilly has not consented to, sponsored, endorsed, or approved Defendants' improper use of Lilly's Cialis® Marks as alleged herein.

42. Defendants' acts of improper use and promotion of Lilly's Cialis® Marks are likely to cause confusion or mistake in the minds of consumers as to the sponsorship, endorsement, association, or approval of Defendants' unauthorized products by Lilly.

43. Lilly's products, sold under Lilly's Cialis® Marks, and any confusingly similar products sold by Defendants using counterfeits Lilly's trademarks, would reasonably be thought by consumers to come from the same source, or to be affiliated with, connected to, or sponsored by Lilly. Likelihood of confusion is and will only be exacerbated by the fact that Defendants fraudulently misrepresented that their counterfeit tablets were genuine Cialis®.

44. Lilly is informed and believes and thereon alleges that the foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Lilly's rights.

45. Defendants' unlawful activity results in irreparable harm and injury to Lilly. In particular, the distribution and sale of fake Cialis® products which bear Lilly's registered trademarks is likely to cause the value of Lilly's trademarks to be lost or diminished, thereby resulting in irreparable injury. The unauthorized use of Lilly's marks also interferes with Lilly's ability to exercise control over the quality and safety of its product, thereby causing Lilly irreparable injury. Additionally, Lilly has been deprived of its absolute right to determine the manner in which its image is presented to the general public. Defendants' conduct deceives the public as to the origin and sponsorship of its goods, wrongfully trades upon, and cashes in on, Lilly's reputation and exclusive rights in its trademarks; and thereby irreparably harms and injures Lilly's goodwill and business reputation. As a direct and proximate result of Defendants' conduct set forth above, Lilly has been injured and damaged in an amount to be proven.

46. Unless Defendants are enjoined from engaging in the infringing conduct described above, Lilly will suffer irreparable injury and further damage. Thus, it would be difficult to ascertain the amount of compensation which could afford Lilly adequate relief for Defendants' present and threatened acts, and Lilly's remedy at law is not adequate to compensate for said harm

and damage.

## FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting —Lanham Act)

47. Lilly repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

48. Notwithstanding Lilly's rights in its Cialis® Marks, with knowledge of Lilly's famous Cialis® Marks, and with constructive and actual notice of Lilly's federal registration rights in its Cialis® Marks, Defendants promoted, offered for sale and/or sold in interstate commerce, and/or conspired to do the same, non-Lilly products that bore trademarks identical to, or substantially indistinguishable from, Lilly's Cialis® Marks and/or were sold in packaging bearing trademarks identical to, or substantially indistinguishable from, Lilly's Cialis® Marks.  Defendants' actions were likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of such unauthorized products, and Defendants' actions further deprived Lilly of control over its reputation regarding the quality of its goods.

49. Lilly is informed and believes, and thereon alleges, that the foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Lilly's rights.

50. These wrongful acts by Defendants have proximately caused and will continue to cause Lilly substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

51. The promotion, marketing, distribution and/or sale by Defendants of counterfeit, non-Lilly products bearing trademarks identical to, or substantially indistinguishable from, Lilly's trademarks and/or sold in packaging bearing trademarks identical to, or substantially indistinguishable from, Lilly's trademarks constitutes trademark counterfeiting.  By reason of the foregoing and/or their conspiracy to do the same, Defendants have violated and will continue to violate Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l), unless enjoined by the Court.

WHEREFORE, Lilly prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement —Lanham Act)

52. Lilly repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

53. Notwithstanding Lilly's rights in its Cialis® Marks, with knowledge of Lilly's famous Cialis® Marks, and with constructive and actual notice of Lilly's federal registration rights in its Cialis® Marks, Defendants promoted, offered for sale and/or sold in interstate commerce, and/or conspired to do the same, non-Lilly products that bear trademarks confusingly similar to Lilly's Cialis® Marks and/or were sold in packaging bearing trademarks confusingly similar to Lilly's Cialis® Marks.  Defendants' actions are likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of such unauthorized products, and Defendants' actions further deprive Lilly of control over the quality of its goods.

54. Lilly is informed and believes, and thereon alleges, that the foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Lilly's rights.

55. These wrongful acts by Defendants have proximately caused and will continue to cause Lilly substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

56. The promotion, marketing, distribution and/or sale by Defendants of counterfeit, non-Lilly products bearing unauthorized replications of Lilly's Cialis® Marks and/or sold in packaging bearing unauthorized replications of Lilly's Cialis® Marks constitutes trademark infringement.  By reason of the foregoing and/or their conspiracy to do the same, Defendants have violated and will continue to violate Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l), unless enjoined by the Court.

WHEREFORE, Lilly prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

(False Designation of Origin – Lanham Act)

57. Lilly repeats and realleges each and every allegation set forth in the foregoing

– 12 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

paragraphs as though fully set forth herein.

58. The manufacture, distribution and/or sale by Defendants, and each of them, and/or their conspiracy to do the same, of non-Lilly products bearing unauthorized replications of Lilly's Cialis® Marks and/or sold in packaging bearing unauthorized replications of Lilly's Cialis® Marks, and the deceptive substitution of non-Lilly products for genuine Cialis® products, constitutes false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

59. Lilly is informed and believes, and thereon alleges, that the foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Lilly's rights.

60. These wrongful acts by Defendants have proximately caused and will continue to cause Lilly substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

61. The above acts by Defendants constitute false designation of origin. By reason of the foregoing and/or their conspiracy to do the same, Defendants have violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

WHEREFORE, Lilly prays for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

(Federal Unfair Competition - Lanham Act)

62. Lilly repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

63. Lilly is informed and believes and thereon alleges that Defendants' actions alleged above amount to unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that they create, cause and/or contribute to a false association between Lilly's products and counterfeit versions of Lilly's products that are not manufactured or authorized by Lilly. Defendants thereby have caused and contributed to consumer confusion as to the origin of, or affiliation between, Lilly's products and unauthorized products.

64. Lilly is informed and believes, and thereon alleges, that the foregoing actions of Defendants have been knowing, deliberate, willful and in utter disregard of Lilly's rights.

– 13 –

65. These wrongful acts by Defendants have proximately caused and will continue to cause Lilly substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

66. The above acts by Defendants constitute unfair competition. By reason of the foregoing and/or their conspiracy to do the same, Defendants have violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

WHEREFORE, Lilly prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF

(Common Law Passing Off and Unfair Competition – California Common Law)

67. Lilly repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

68. Defendants' unauthorized use of Lilly's trademarks, and/or their conspiracy to do the same, constitutes passing off and unfair competition in violation of the common law of California.

69. Lilly is informed and believes and thereon alleges that the foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Lilly's rights.

70. Defendants' wrongful acts have caused and will continue to cause Lilly irreparable harm. Lilly has no adequate remedy at law.

71. Lilly is entitled to judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

WHEREFORE, Lilly prays for relief as set forth below.

### SIXTH CLAIM FOR RELIEF

(California Unfair Competition – Bus. & Prof. Code § 17200 et seq.)

72. Lilly repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

73. Lilly has built up valuable goodwill in its various trademarks for its high quality products.

74. Defendants' misuse of Lilly's trademarks, and/or their conspiracy to do the same, has created and contributed to confusion, mistake, and deception among consumers as to the source of Defendants' unauthorized products and Lilly's goods, and falsely suggests a connection or association between Defendants' unauthorized products and Lilly.

75. Lilly is informed and believes and thereon alleges that the foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Lilly's rights.

76. Defendants' wrongful acts have proximately caused and will continue to cause Lilly substantial and irreparable injury, including loss of customers, dilution of goodwill, confusion of potential customers, injury to reputation, and diminution in the value of its intellectual property.

77. Defendants' acts and practices constitute unlawful and unfair business acts and practices within the meaning of California Business and Professions Code Section 17200, et seq. Defendants' unlawful and unfair business acts and practices are a direct and proximate cause of injury to Lilly.

78. Lilly is entitled to recover amounts by which Defendants have been unjustly enriched from their unlawful and unfair business acts and practices of unfair competition.

79. Lilly is entitled to judgment enjoining and restraining Defendants from engaging in further acts of unfair competition.

80. By reason of the foregoing, Defendants have violated Sections 17200, et seq., of the California Business and Professions Code.

WHEREFORE, Lilly prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That judgment be entered in favor of Lilly and against Defendants on all counts;

2. That judgment be entered in favor of Lilly and against Defendants for all damages sustained by Lilly due to Defendants' trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act and California law;

3. That judgment be entered in favor of Lilly and against Defendants for all profits

received due to Defendants' trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act and California law;

4. That the award to Lilly for Defendants' trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition under the Lanham Act be trebled;

5. That judgment be entered in favor of Lilly and against Defendants for statutory damages sustained by Lilly due to Defendants' trademark counterfeiting, in the amount of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just, pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. Section 1117(c);

6. That judgment be entered in favor of Lilly and against Defendants for three times the profits or actual damages sustained by Lilly due to Defendants' trademark counterfeiting, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. Section 1117(b);

7. That the Court order injunctive relief and restitution pursuant to California Business and Professions Code Sections 17200, et seq.;

8. That the Court temporarily restrain and preliminarily and permanently enjoin Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with Defendants, jointly and severally, from:

   a. directly infringing, contributorily infringing or authorizing infringement of any of Lilly's trademarks, including the Cialis® Marks;

   b. continuing to market, offer, sell, transfer, advertise, promote, develop or manufacture any products that infringe or contribute to the infringement of Lilly's intellectual property rights, or to participate or assist in any such activity;

   c. manufacturing, purchasing, distributing, promoting or selling any non-Lilly products bearing Lilly trademarks or sold in packaging bearing Lilly trademarks;

   d. moving, discarding, destroying, selling, transferring, or otherwise disposing of any products that infringe or contribute to the infringement of Lilly's trademark rights;

– 16 –

  e. moving, discarding, destroying, selling, transferring, or otherwise disposing of any non-Lilly products that bear Lilly trademarks or are sold in packaging bearing Lilly trademarks;

  f. moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to the products that infringe or contribute to the infringement of Lilly's trademark rights;

  g. moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to any non-Lilly products bearing Lilly trademarks or sold in packaging bearing Lilly trademarks; and

  h. engaging in any other activity constituting unfair competition and deceptive trade practices with Lilly, or constituting an infringement or contributory infringement of Lilly's intellectual property, or constituting any damage to Lilly's intellectual property, reputation or goodwill;

 9. That Lilly be awarded its costs and reasonable attorneys' fees incurred in this action;

 10. That Lilly be awarded prejudgment interest and post-judgment interest on the above damages awards; and

 11. That Lilly be awarded such other and further relief as the Court may deem just and proper.

DATED:  February 8, 2016      REED SMITH LLP


             By: */s/ William R. Overend*
               William R. Overend
               Katrina M. Kershner

               *Attorneys for Plaintiff*
               *Eli Lilly and Company*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**DEMAND FOR JURY TRIAL**

Plaintiff Eli Lilly and Company hereby demands a jury trial as to all triable issues in this action.

DATED: February 8, 2016                REED SMITH LLP


By:   /s/ William R. Overend
      William R. Overend
      Katrina M. Kershner

      *Attorneys for Plaintiff*
      *Eli Lilly and Company*