1
2
3
4
5
6
7

8
# UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA

10

11 | ELI LILLY AND COMPANY,              Case No.  1:16 -cv-00178-DAD-SAB

12 |              Plaintiff,             ORDER REQUIRING PLAINTIFF TO
                                         SUPPLEMENT APPLICATION FOR
13 |        v.                           ENTRY OF DEFAULT JUDGMENT

14 | JOHN DEREK GITMED, et al.,          FIVE-DAY DEADLINE

15 |              Defendants.

16

17       Currently, this action is proceeding against Defendant John Gitmed with default having

18 been entered against Defendant Anthony Pollino, Jr.  On February 8, 2017, Plaintiff filed an

19 application for entry of default judgment against Defendant Anthony Pollino, Jr.

20       While Plaintiff addresses entry of default judgment pursuant to Rule 55 of the Federal

21 Rules of Civil Procedure, Plaintiff has not addressed whether it would be appropriate to enter

22 judgment against one defendant while this action continues on the same claims against a co-

23 defendant.  Rule 54 of the Federal Rules of Civil Procedure provides that where an action is

24 brought alleging more than one claim or is against more than one party, the Court may direct

25 entry of final judgment against fewer than all claims or parties only if the Court expressly

26 determines that there is no just reason for delay.  Fed. R. Civ. P. 54(b).

27       The leading case on the issue of default judgment in actions involving multiple

28 defendants is Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552  (1872).  In re First T.D. & Inv.,

Inc., 253 F.3d 520, 532 (9th Cir. 2001).   In Frow, the Supreme Court held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."   In re First T.D., 253 F.3d at 532.   The possibility of inconsistent judgments must be avoided.   Id.   Courts have extended this rule to apply to situation where the defendants are similarly situated, even when they are not jointly and severally liable.   Id. at 532.   Further, even if a judgment could be entered into on the issue of liability, the issue arises as to whether entry of damages should be postponed until the claims against all defendants are resolved. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1012 (N.D. Cal. 2001). Plaintiff's application for entry of default judgment does not address whether there is no just reason for delay when this action continues against Defendant Gitmed.

Accordingly, IT IS HEREBY ORDERED that, within five days from the date of entry of this order, Plaintiff shall file a supplemental brief addressing why there is no just reason for delay to enter final judgment as to only one of the defendants in this action.

IT IS SO ORDERED.

Dated:   **March 3, 2017**

UNITED STATES MAGISTRATE JUDGE