UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELI LILLY AND COMPANY,

    Plaintiff,

    v.

JOHN DEREK GITMED, et al.,

    Defendants.

No. 1:16-cv-00178-DAD-SAB

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

(Doc. No. 35.)

This action is before the court on defendant John Gitmed's September 26, 2016 motion to dismiss. (Doc. No. 35.) For the following reasons, the court will deny defendant's motion.

FACTUAL BACKGROUND

This action proceeds on plaintiff Eli Lilly and Company's February 8, 2016 complaint against defendants John Derek Gitmed, Holly Gitmed, Felicia Gitmed, and Anthony Pollino, Jr.[1] (Doc. No. 1.) In the complaint, plaintiff brings the following six claims: (i) trademark counterfeiting in violation of § 32(l) of the Lanham Act 15 U.S.C. § 1114(l); (ii) trademark infringement in violation of § 32(l) of the Lanham Act, 15 U.S.C. § 1114(l); (iii) false destination of origin in violation of § 43(a) of the Lanham Act, 1125(a); (iv) unfair competition in violation

---

[1] Defendants Holly Gitmed and Felicia Gitmed were terminated from this action on May 11, 2016, and September 14, 2016, respectively. (Doc. Nos. 22, 34.)

1

of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (v) passing off and unfair competition in violation of California common law; and (vi) unfair competition in violation of the California Business & Professions Code §§ 17200, et seq. (*Id.* at 11–15.) Plaintiff seeks damages, restitution, prejudgment and post-judgment interest, injunctive relief, and attorneys' costs and fees. (*Id.* at 15–17.)

Plaintiff's complaint alleges the following facts. Plaintiff Eli Lilly and Company ("Lilly") is a corporation headquartered in Indiana that manufactures, distributes, and markets pharmaceutical products, including a drug known as Cialis® ("Cialis") that has the generic name tadalafil. (*Id.* at 4, ¶ 13.) Cialis has been FDA-approved for the treatment of erectile dysfunction and benign prostatic hyperplasia, or enlarged prostate, and is only available by prescription. (*Id.* at 4–5, ¶¶ 14–15, 21.)

Lilly has exclusive rights to manufacture Cialis for distribution in the United States. (*Id.* at 4, ¶ 14.) In the United States, Lilly distributes Cialis only to authorized wholesalers, who then distribute Cialis to pharmacies, who in turn distribute the drug to patients. (*Id.* at 5, ¶ 18.) Lilly has acquired a number of federal trademarks registered with the United States Patent and Trademark Office ("PTO") that are used in connection with sales and promotion of Cialis, including the following: (i) Reg. No. 2,724,589 for the word mark "Cialis"; (ii) Reg. No. 2,833,222 for the Cialis tablet appearance; (iii) Reg. No. 2,833,221 for the Cialis swirl design mark; (iv) Reg. No. 1,318,867 for the "Lilly" word in stylized letters mark; (v) Reg. No. 1,226,434 for the word mark "Lilly". (*Id.* at 4, ¶ 16.)

Defendants are California residents who worked with foreign and domestic entities to produce and distribute counterfeit versions of the drug Cialis throughout the United States. (*Id.* at 3, 6–7, ¶¶ 6–9, 28.) To produce the counterfeit drugs, defendant John Gitmed provided pictures of Cialis tablets and packaging to suppliers who replicated Lilly's Cialis trademarks. (*Id.* at 7, ¶ 31.) Suppliers then shipped the goods into and within the United States to various addresses controlled by defendants, including the "California Confidence Company" ("CCC"). (*Id.* at 7, ¶ 32.) After receiving the shipments, defendants sold the counterfeit Cialis in person and by U.S. mail to customers who responded to their online advertisements. (*Id.* at 6, 8, ¶¶ 28, 34.) Plaintiff

Lilly has not consented to, sponsored, endorsed, or approved defendant's improper use of its Cialis trademarks. (*Id.* at 10, ¶ 41.)

On August 28, 2014, 2014, defendants were indicted by a grand jury in the Eastern District of California for conspiracy to traffic in counterfeit goods and commit mail fraud in violation of 18 U.S.C. § 371, and trafficking in counterfeit goods in violation of 18 U.S.C.§ 2320(a)(l). (*Id.* at 9, ¶ 37) (*see* Case No. No. 1:14-cr-00189-AWI-BAM (E.D. Cal.)). Defendant John Gitmed ultimately pled guilty to trafficking in counterfeit Cialis in violation of 18 U.S.C. § 2320(a). (*Id.*) As part of the plea agreement in his case, defendant John Gitmed admitted that he had knowingly used counterfeits of plaintiff's Cialis trademarks. (*Id.*)

Defendants' unlawful activity has resulted in harm to plaintiff by diminishing the value of Lilly's trademarks, interfering with its ability to exercise control over the quality and safety of its product, depriving it of its right to determine the manner in which its image is presented to the general public, and injuring its goodwill and business reputation. (*Id.* at 10, ¶ 45.) Unless defendants are enjoined from engaging in the infringing conduct described, plaintiff will suffer irreparable injury and further damage. (*Id.* at 10, ¶ 46.)

On September 26, 2016, defendant John Gitmed filed the instant motion to dismiss plaintiff's complaint. (Doc. No. 35.) Plaintiff filed its opposition on October 28, 2016. (Doc. No. 37.) Defendant has not filed a reply.[2]

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)

---

[2] Because defendant John Gitmed is in federal custody, the matter was not noticed for hearing and will instead be decided on the moving papers and the opposition submitted in response thereto.

3

does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

Defendant John Gitmed moves to dismiss the complaint on the basis that plaintiff cannot allege damages as a matter of law, since the court in his criminal case declined to impose a restitution order against him. (Doc. No. 35 at 1.) In support of his motion, defendant attaches the following: (i) a letter from his counsel reporting on the status of the criminal case, (*Id.* at 10–11); (ii) a portion of the docket from defendant's criminal case, *United States v. Gitmed*, No. 1:14-cr-189-AWI, (*Id.* at 10–12); and (iii) a memorandum opinion from a criminal case in the Eastern District of Pennsylvania, *United States v. Hucks*, No. 11-326, declining to order restitution to Lilly in another criminal prosecution involving counterfeit Cialis, (*Id.* at 2–9).

In opposition to defendant's motion to dismiss, plaintiff Lilly contends that defendant's arguments fail because (i) the restitution ruling in defendant's prior criminal case should not be considered by the court since it is outside the pleadings and not judicially noticeable, (*Id.*); (ii) in any event, the restitution ruling has no preclusive effect on plaintiff's ability to pursue civil damage remedies, and would not bar plaintiff from obtaining damages as part of its civil unfair competition claim, (*Id.*); and (iii) plaintiff's complaint sufficiently alleges its six causes of action, (Doc. No. 37 at 5, 9–14).

## I.  Judicial Notice

Defendant requests that the court consider various documents outside the pleadings, including court records from his criminal case and from other criminal prosecutions involving the sale of counterfeit Cialis.  (Doc. No. 35 at 1.)  On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Documents filed in other courts are matters of public record that are appropriate subjects for judicial notice.  *See* Fed. R. Evid. 201; *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims).  As such, the court thus takes judicial notice of the docket entry in plaintiff's criminal case, which is the only document relevant to this court's resolution of the pending motion.  *See Borsotti v. California*, No. CV 15-04112 JAK (AFM), 2016 WL 2865361, at *4 (C.D. Cal. Mar. 25, 2016) (taking judicial notice of the docket and the complaint in plaintiff's state court criminal action).

## II.  Effect of Criminal Restitution Decision

Defendant argues that plaintiff cannot seek damages in this civil action as a matter of law because the court in his criminal prosecution declined to order restitution against him.  However, an order of criminal restitution is not equivalent to a judicial determination of civil damages.  *See United States v. Reynolds*, No. 1:09–CR–00476 AWI, 2011 WL 1897781, at *5 (E.D. Cal. May 18, 2011) (citing *United States v. Barnette*, 10 F.3d 1553, 1556 (11th Cir. 1994)).  Criminal restitution in trademark infringement cases is a statutorily-based award of compensation, which recompenses specific losses proximately caused by the criminal offense.  *See* 15 U.S.C. § 1117(a); *United States v. Anderson*, 741 F.3d 938, 953 (9th Cir. 2013).  Meanwhile, the concept of civil damages "is very broad, incorporating many different kinds of compensation for an injury or loss."  *United States v. Brannon*, No. 2:09-cr-19, 2011 WL 251168, at *3 (W.D. N.C. Jan. 26, 2011).  Here, plaintiff Lilly seeks a wide range of civil remedies in the present action, including disgorgement of defendants' profits, statutory damages, and attorneys' fees and costs.  (Doc. Nos. 1 at 15–17; 37 at 13–14.)  The damages sought in this case therefore differ from those involved in

the criminal court's restitution order.  Accordingly, the prior order of no restitution does not prevent plaintiff from bringing a civil action for damages in the instant case.³  *See United States v. Samim Anghaie*, No. 1:12-cv-102-RS-GRJ, 2014 WL 12516259, at *4–5 (N.D. Florida Sept. 29, 2014) ("Defendants' assertion that the United States cannot seek civil damages . . . because the sentencing court declined to order restitution should be rejected."); *DePage Paper Stock, Inc. v. Matsukis*, No. 07 C 3008, 2008 WL 410641, at *4 (N.D. Ill. Feb. 12, 2008 (holding that res judicata does not bar plaintiff from recovering damages in an amount greater than the amount of restitution defendant was required to pay plaintiff in defendant's criminal case).

Therefore, defendant's motion to dismiss will be denied.

## CONCLUSION

For all of the reasons set forth above, defendant John Gitmed's motion to dismiss (Doc. No. 35) is denied.

IT IS SO ORDERED.

Dated: **May 3, 2017**

                                                /s/ Dale A. Drozd

                                                UNITED STATES DISTRICT JUDGE

---

³ To the extent that defendant argues in his motion to dismiss that the criminal restitution order has a preclusive effect on plaintiff's ability to litigate the issue of damages, this argument is also unpersuasive.  Collateral estoppel is only appropriate where the identical issue was decided in a prior adjudication; the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and the party had a full and fair opportunity to litigate the issue.  *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 n.8 (9th Cir. 2007).  These conditions are not satisfied in the present action.  *See Doe v. Hesketh*, 828 F.3d 159, 172 (3d Cir. 2016) (As [plaintiff] was neither a party to [defendant's] prior criminal proceeding nor in privity with a party, and did not have a full and fair opportunity to litigate the question of her damages, we will not apply collateral estoppel to prevent [plaintiff] from litigating the question of her damages based on [defendant's] criminal conduct."); *see also United States v. Goldston*, 324 Fed. Appx. 835, 2009 WL 1109314, at *1, n. 1 (11th Cir. Apr.27, 2009) ("[A] prior criminal restitution order has never been applied as res judicata against a subsequent damages action"); *Morse v. Commissioner of Internal Revenue Service*, 419 F.3d 829, 834 (8th Cir.2005) (holding that "[b]ecause the criminal prosecution and the civil fraud action are distinct causes of action, the civil fraud claim is not barred by res judicata"); *Cagan v. Gadman*, No. 8-CV-3710(SJF)(ARL), 2010 WL 1686949, at *5 (E.D.N.Y. Apr. 21, 2010) ("[A] defendant's prior criminal restitution order cannot be applied as res judicata against a plaintiff's subsequent damages action.")  As such, issue preclusion cannot apply to bar plaintiff's claims here.