## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DEREK GITMED, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00178-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ANTHONY POLLINO, JR.<br><br>(ECF No. 62)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently pending before the Court is Plaintiff Eli Lilly and Company's ("Plaintiff Eli Lilly") application for entry of default judgment against Defendant Anthony Pollino, Jr. ("Defendant Pollino") which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This matter was set for oral arguments on November 1, 2017. Counsel William Overend and Katrina Kershner appeared for Plaintiff. Defendant Pollino did not appear at the hearing. Having considered the moving papers as well as the Court's file, the Court issues the following findings and recommendations.

/ / /

/ / /

1

# I.

# BACKGROUND

Plaintiff "is a worldwide innovator, manufacturer, distributor and marketer of pharmaceutical products, and is a leader in the industry." (Compl. ¶ 13.) Plaintiff has the exclusive right to manufacture for distribution the drug Cialis which has been approved for the treatment of erectile-dysfunction ("ED"), the signs and symptoms of benign prostatic hyperplasia, or enlarged prostate ("BPH"), and both ED and the signs and symptoms of BPH. (Compl. at ¶ 15.) Plaintiff has the exclusive right to manufacture Cialis and it is only available by prescription. (Compl. at ¶ 15.) Plaintiff owns several trademarks that are registered with the United States Patent and Trademark Office that are used in interstate commerce in connection with the sale and promotion of Cialis. (Compl. at ¶ 16.)

Despite protections taken by Plaintiff to protect its intellectual property rights, foreign and domestic parties have imported and sold counterfeit products that violate those rights. (Compl. at ¶ 19.) These counterfeit products cause irreparable damage to Plaintiff's image and the brand names of its pharmaceutical products. (Compl. at ¶ 25.)

Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, and Pollino sold counterfeit versions of the drug Cialis in person or by mail in Modesto and Los Angeles, California, and Las Vegas, Nevada. (Compl. at ¶ 28.) The counterfeit version of Cialis were shipped by mail and private and commercial carriers to customers in California and other states. (Compl. at ¶ 28.)

Defendant John Gitmed provided suppliers with pictures of tablets and packaging and negotiated with suppliers to produce imitations of Cialis. (Compl. at ¶ 31.) Once the negotiations were complete, the defendants directed the suppliers to ship the counterfeit goods to various addresses within the United States, including to the "California Confidence Company." (Compl. at ¶ 32.) Some of the shipments to the California Confidence Company were intercepted by the United States Customs and Border Patrol ("CBP") in the Los Angeles area. (Compl. at ¶ 33.) Specifically on September 5, 2013, CBP personnel in Los Angeles seized a package from a Chinese supplier that was addressed to California Confidence Company in Florida which contained over 2,000 counterfeit Cialis tablets. (Compl. at ¶ 33.)

1 | The defendants posted online advertisements offering genuine Lilly Cialis or stating that
2 | their products were genuine. (Compl. at ¶ 34.) The defendants did not sell the products through
3 | pharmacies or other authorized outlets. (Compl. at ¶ 35.)

About August 28, 2014, a grand jury in the Eastern District of California returned an indictment against Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, and Pollino for conspiracy to traffic in counterfeit goods and commit mail fraud under 18 U.S.C. § 371 (one count) and trafficking in counterfeit goods under 18 U.S.C.§ 2320(a)(l) (one count), and initiated a criminal proceeding in the Eastern District, Case No. 1:14-cr-00189-AWI-BAM. (Compl. at ¶ 37.) Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, and Pollino pled guilty to trafficking in counterfeit Cialis in violation of 18 U.S.C. § 2320(a). (Compl. at ¶ 38.)

In entering his guilty plea, Defendant John Gitmed admitted that he, together with the co-defendants, counterfeited erectile dysfunction drugs and associated packaging, including Cialis. (Compl. at ¶ 29.) Defendants Holly Gitmed and Pollino made substantially similar admissions as part of their plea agreements admitting to counterfeiting Cialis. (Compl. at ¶ 40.)

On February 8, 2016, Plaintiff Eli Lilly filed this action against Defendants John Gitmed, Holly Gitmed, Felicia Gitmed, and Pollino alleging trademark counterfeiting, trademark infringement, false designation of origin, and federal unfair competition in violation of the Lanham Act; common law passing off and unfair competition; and violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq. (ECF No. 1.)

Felicia Gitmed and Holly Gitmed filed answers on March 3, 2016, and March 9, 2016 respectively. (ECF Nos. 7, 8.) On May 11, 2016, Plaintiff Eli Lilly filed a stipulation to dismiss Defendant Holly Gitmed from the action; and Holly Gitmed was terminated as a defendant in this action. (ECF Nos. 20, 22.)

On August 9, 2016, default was entered against Defendant Pollino. (ECF No. 30.)

On September 7, 2016, Plaintiff filed a stipulation to dismiss Defendant Felicia Gitmed and Felicia Gitmed was terminated as a defendant in this action. (ECF Nos. 33, 34.)

On September 26, 2016, Defendant John Gitmed filed a motion to dismiss. (ECF No. 35.) Plaintiff Eli Lilly filed an opposition to the motion to dismiss on October 28, 2016. (ECF

1 | No. 37.)

On February 8, 2017, Plaintiff Eli Lilly filed an application for default judgment as to Defendant Pollino and subsequently filed amended notices. (ECF Nos. 43, 44, 46.) On March 23, 2017, the undersigned issued findings and recommendations recommending granting the application as to liability and denying the application as to damages finding it prudent to defer ruling on a damages award against Defendant Pollino until this action is resolved against Defendant Gitmed and that Plaintiff Eli Lilly had not met its burden to receive injunctive relief. (ECF No. 54.)

On May 4, 2017, the district judge denied Defendant John Gitmed's motion to dismiss. (ECF No. 55.) The district judge also adopted the findings and recommendations and Plaintiff Eli Lilly's application for application of entry of default judgment was granted as to liability but denied as to damages and injunctive relief against Defendant Pollino. (ECF No. 56.)

On August 25, 2017, Plaintiff Eli Lilly filed a notice of voluntary dismissal against Defendant John Gitmed; and John Gitmed was terminated from this action. (ECF Nos. 59, 60.) On September 27, 2017, Plaintiff Eli Lilly filed the instant motion for entry of default judgment. (ECF No. 62.)

## II.

## LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, unless a claim is for a sum certain or a sum that can be made certain by computation, a party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d

1261, 1267 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is not a matter of right and it is within the discretion of the court whether default judgment should be entered. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

## III.

## DISCUSSION

In the current application, Plaintiff Eli Lilly seeks monetary damages. In the March 23, 2017 findings and recommendations, the Court determined that subject matter jurisdiction exists in this action and service of process on Defendant Pollino was proper under California law. (ECF No. 54 at 5-6.) Further, the Court evaluated the Eitel factors and found that they weigh in favor of granting default judgment in this instance against Defendant Pollino. (ECF No. 54 at 6-11.) Having found that entry of default judgment is appropriate against Defendant Pollino, the Court considers the instant motion as to damages.

The Court found that Defendant Pollino is liable to Plaintiff Eli Lilly under the Lanham Act for trademark infringement, 15 U.S.C. 1114(l); false designation of origin, 15 U.S.C. § 1125(a)(1); unfair competition 15 U.S.C. § 1125(a)(1) and trademark counterfeiting, 15 U.S.C. 1114(l), as well as for statutory and common law unfair competition under state law. (ECF No. 5-9.) Pursuant to 15 U.S.C. § 1117, when the registrant of a mark proves a violation of section 1125(a) the plaintiff is entitled "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Section 1117 also provides that, rather than actual damages and profits, a plaintiff may elect to receive statutory damages of

1 | not less than $1,000 or more than $200,000 per counterfeit mark as the court considers just.  15
2 | U.S.C. § 1117(c)(1).  If the court finds that the infringement was willful, the plaintiff may
3 | recover statutory damages of $2,000,000 per mark infringed.  15 U.S.C. § 1117(c)(2).

"A plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (quoting Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.04[A] (2000). "Where 'statutory damages are elected, [t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.' " UL LLC v. Space Chariot Inc., 250 F.Supp.3d 596, 614 (C.D. Cal. 2017) (quoting Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990)).

Plaintiff asserts that in this instance Defendant Pollino counterfeited five of its marks and Plaintiff could seek a judgment of $2,000,000 per counterfeit mark for a total of $10,000,000 in statutory damages, but considering that amount of counterfeit sales at issue and that Defendant Pollino is incarcerated, Plaintiff only seeks $25,000 per counterfeit mark for a total of $125,000. (ECF No. 62 at 4.)  Plaintiff contends that this is a modest amount given the willful nature of the counterfeiting and the total this Court could award.  (Id.)  Plaintiff states that Defendant Pollino admitted that the total amount of infringement attributable to him was $351,600.  (Id.)  Plaintiff contends that in light of Defendant Pollino's admissions an award of $125,000 is reasonable and well within the Court's discretion.  (Id.)

Plaintiff requests that the Court take judicial notice of the plea agreement signed by Defendant Pollino and entered into the record in his criminal case.  (ECF No. 62-1.)  Under the Federal Rules, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The

Court shall grant Plaintiff's request to take judicial notice of the plea agreement entered in the criminal action against Defendant Pollino. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of documents filed in the federal court record).

In the criminal action, Defendant Pollino pleaded guilty to Trafficking in Counterfeit Goods, in violation of Title 18, United States Code, Section 2320(a)(l). (ECF No. 62-1 at 2-3.) Plaintiff admitted to the following facts in the case.

> From approximately February 2012 to February 2014, the defendant, together with co-defendants John Gitmed, Holly Gitmed, and Felicia Gitmed, intentionally trafficked in counterfeit goods, specifically counterfeit erectile dysfunction drugs and associated packaging.
>
> The defendant and co-defendants obtained counterfeit erectile-dysfunction medication from overseas manufacturers in China and India. The defendant and co-defendants knew that the medication they obtained was not genuine and that they were not authorized to sell genuine prescription medication. The counterfeit drugs were then imported into the United States to addresses controlled by the defendant and co-defendants John and Felicia Gitmed.
>
> The defendant and co-defendants caused advertisements to be placed on Craigslist and other websites offering the counterfeit drugs for sale and claiming that the merchandise they sold was genuine. The advertisements displayed contact information for the defendant. When customers responded to the advertisements, defendant negotiated sale prices and quantity, then completed the sales by meeting in person to exchange counterfeit drugs for money or shipped the counterfeit drugs to customers in exchange for payment.
>
> The defendant knowingly used counterfeit marks on and in connection with these goods, including the spurious marks of Pfizer, Eli Lilly, and Bayer. The counterfeit marks included, but were not limited to, the pill designs of Viagra and Cialis, the words "Viagra" and "Cialis," and the logos of Viagra and Cialis. The counterfeit marks used by the defendant and co-defendants were identical with and substantially indistinguishable from the genuine marks for the pill designs, brand names, and logos. These genuine marks were in use by Pfizer and Eli Lilly during the time of the offense were registered on the principal register of the United States Patent and Trademark Office.
>
> The counterfeit drugs sold by the defendant appeared to reasonably informed purchasers to be identical or substantially equivalent to the infringed item. The amount of infringement attributable to the defendant was $351,600.

(Id. at 8.)

Here, the allegations in the complaint and the evidence submitted in support of the motion for entry of default establish that Defendant Pollino's infringement of Plaintiff's marks in this action was willful. "Willfulness can be established by evidence of knowing conduct or by

7

1 evidence that the defendant acted with 'an aura of indifference to plaintiff's rights'-in other
2 words, that the defendant willfully blinded himself to facts that would put him on notice that he
3 was infringing another's trademarks, having cause to suspect it. Philip Morris USA Inc. v. Liu,
4 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007). Defendant Pollino admitted to knowingly
5 obtaining counterfeit drugs and advertising and selling them as genuine.

"[T]he plain language of the statute affords plaintiffs the right to pursue statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in determining an appropriate award." In re Mann, 410 B.R. 43, 49 (Bankr. C.D. Cal. 2009) (quoting Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F.Supp.2d 567, 583 (E.D.Pa.2002). To calculate statutory damages for trademark infringement, courts have used the factors generally employed for determining statutory damages under 17 U.S.C. § 504(c). In re Mann, 410 B.R. at 49; see also Yelp Inc. v. Catron, 70 F.Supp.3d 1082, 1102 (N.D. Cal. 2014) (In considering the amount of statutory damages to be awarded courts consider whether the damages requested bear a plausible relation to the actual damages.); Sennheiser Elec. Corp. v. Eichler, No. CV 12-10809 MMM PLAX, 2013 WL 3811775, at *7 (C.D. Cal. July 19, 2013) (A "statutory damage award should be 'low enough to bear some rational relationship to the amount of damages incurred ... but substantial enough to deter similarly situated businesses from engaging in similar conduct in the future.' ").

The factors a court can consider in calculating an award of statutory damages include "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind—whether willful, knowing, or merely innocent[,]" the "value of the [trademark];" "the deterrent effect on others besides the defendant;" "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and "the potential for discouraging the defendant." In re Mann, 410 B.R. at 48. "While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." Yelp Inc., 70 F.Supp.3d at 1102.

///

1 | Plaintiff owns five marks that are infringed by Defendant Pollino's conduct in this action. (Compl. ¶ 16.) As the conduct at issue was willful, Plaintiff could seek $2,000,000 for each mark, but has elected to seek only $25,000 for each mark that was infringed. The infringing conduct in this case occurred over a period of approximately two years, and Defendant Pollino admitted that the amount of infringement attributable to him was $351,600.

The court finds an award of $25,000 for each mark infringed is well within the range of awards in similar cases and is reasonable in the circumstances presented here. See UL LLC, 250 F.Supp.3d at 615 (awarding $1,000,000 for infringement of plaintiff's marks); Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc., No. 13-CV-1539-MMA (KSC), 2015 WL 11251805, at *5 (S.D. Cal. July 29, 2015) (awarding $15,000 for each of the seven marks infringed); LG Corp. v. Huang, No. 16-CV-1162 JLS (NLS), 2017 WL 476539, at *10 (S.D. Cal. Feb. 6, 2017) (awarding $168,000,000 for willful infringement of fifteen marks); Chanel, Inc. v. Gupton, No. C 14-03105 JSW, 2015 WL 1094849, at *9 (N.D. Cal. Mar. 2, 2015) (awarding $10,000 for each mark infringed where plaintiff presented evidence of only a single pair of shoes sold); Sennheiser Elec. Corp., 2013 WL 3811775, at *9 (awarding $45,000 for each mark that was willfully infringed).

Accordingly, the Court recommends that Plaintiff's application for entry of default judgment be granted in the amount of $25,000 per infringing mark for a total of $125,000.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for entry of default judgment against Defendant Anthony Pollino, Jr. be granted:

2. Judgment be entered in favor of Plaintiff Eli Lilly and against Defendant Anthony Pollino, Jr. on Plaintiff Eli Lilly's claims for trademark counterfeiting, trademark infringement, false designation of origin, federal unfair competition, passing off and unfair competition under California Common Law, and unfair competition under Cal Bus. & Prof. Code §17200 et seq.; and

3. Plaintiff Eli Lilly be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of $25,000 per counterfeited work of Plaintiff Eli Lilly, in the sum of one hundred twenty five thousand dollars ($125,000) for five counterfeited marks.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 1, 2017**

UNITED STATES MAGISTRATE JUDGE